UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON JUSTIN FULK,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

Case No. 2:24-cv-01964-TMC-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court to conduct a screening of Plaintiff's proposed civil rights complaint. Plaintiff is unrepresented by counsel and seeks *in forma pauperis* (IFP) status in this matter.[1] Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before **January 17, 2025**, Plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

## BACKGROUND

Plaintiff, at the time he filed his proposed civil rights complaint, was a pretrial detainee at King County Jail.

He alleges that on or around May 3rd or 4th of 2023, while plaintiff was at Western State Hospital, a person that plaintiff categorizes as an "inmate" at Western State

---

[1] The Court will defer ruling on plaintiff's motion to proceed IFP (Dkt. 1) until plaintiff either responds to this order or files an amended complaint.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

Hospital assaulted him. Dkt. 1-2 at 5. The person who allegedly assaulted plaintiff was stopped by two other patients, Antonio Perez and Levi, and held down until staff were able to intervene. Plaintiff alleges the person was "clearly dangerous" and should not have been released into general population. He claims "they" are responsible for providing a safe environment, and as a result of this incident, Plaintiff states he suffered physical pain but also suffers from PTSD.

Plaintiff names "John Doe" as the sole defendant and alleges Doe was negligent and incompetent, and violated his Eighth Amendment rights. Dkt. 1-2 at 5.

## DISCUSSION

The Court must dismiss the complaint of a person proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**A.   Personal Participation**

To state a claim for relief under § 1983, a plaintiff must show: (1) they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how an individually named defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *Harris*, 489 U.S. at 385-90.

Here, Plaintiff names John Doe as the sole defendant. Plaintiff's allegations do not identify who John Doe is, or whether the alleged constitutional violation was caused by a person acting under color of state law. Plaintiff asserts that he has submitted public

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

record requests to Western State Hospital, but those requests have not been fulfilled. Dkt. 1-2 at 6.

B.     **Plaintiff's Eighth Amendment Claim**

Plaintiff is currently a pretrial detainee, and the protections of the Eighth Amendment do not attach until a defendant is convicted. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) ("Eighth Amendment scrutiny is appropriate only after the state has secured a formal adjudication of guilt."). It is not clear from the complaint whether he was housed at Western State Hospital because he was being evaluated for competency to stand trial, or whether he was involuntarily committed to Western State Hospital under some other legal status, on the dates alleged in the complaint, May 3rd or 4th of 2023.

If plaintiff was a pre-trial detainee while at Western State Hospital, a pretrial detainee would be protected by substantive due process under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.").

A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." *Kingsley v. Hendrickson*, 576 U.S. 389,

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT - 4

398 (2015). The elements of a pretrial detainee's claim against an individual defendant under the objective deliberate indifference standard are as follows:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.' " *Id.* (quoting *Castro*, 833 F.3d at 1071 (quoted sources omitted)).

Here, Plaintiff alleges that the Western State Hospital staff were responsible for providing him a safe environment. He asserts that Doe was negligent and incompetent. Plaintiff's claims as alleged are vague and do not meet the standard for a plausible claim of a Fourteenth Amendment violation.

## CONCLUSION

Therefore, at this time, the Court will defer ruling on Plaintiff's application to proceed *in forma pauperis*. The Court ORDERS as follows:

(1) Plaintiff shall SHOW CAUSE, by **January 17, 2025**, why his complaint and this action should not be dismissed for failure to identify a viable defendant and for failure to state a constitutional claim. Plaintiff also has the option to file an amended complaint and assert additional facts (if such facts exist) that would address the

1  vagueness and deficiencies in the original complaint. Failure to timely respond to this

2  Order will result in a recommendation that this action be dismissed;

3     (2)    The Clerk is directed to RE-NOTE the motion to proceed *in forma*

4  *pauperis* (Dkt. 1) to **January 17, 2025**; and

5     (3)    The Clerk is directed to send copies of this Order to Plaintiff.

7     Dated this 20th day of December, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 6