UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON JUSTIN FULK,

          Plaintiff,

v.

JOHN DOE,

          Defendant.

Case No. 2:24-cv-01964-TMC-TLF

ORDER

Plaintiff, Aaron Fulk, filed a motion for appointment of counsel on March 27, 2025. Dkt. 10. Mr. Fulk's motion to proceed *in forma pauperis* in his 42 U.S.C. §1983 case is pending before the Court. Dkt. 1. The Court, upon screening Mr. Fulk's proposed civil rights complaint, issued an order on December 20, 2024, asking him to either show cause why his complaint and this action should not be dismissed for failure to identify a viable defendant and for failure to state a claim or file a proposed amended complaint that would address the deficiencies identified in the original complaint. Dkt. 4. Mr. Fulk has not responded to the order to show cause.

He moved for appointment of counsel on the following grounds: (1) he is unable to afford counsel; (2) he is incarcerated, which will "greatly limit his ability to litigate"; (3) counsel would be better equipped to handle conflicting testimony at trial; and (4) he suffers from a mental health illness. Dkt. 10.

ORDER - 1

A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Mr. Fulk has not identified conditions that render this case extraordinary or set his circumstances apart from those of any other incarcerated litigant. Plaintiff contends that his incarceration would limit his ability to litigate, but this alone is not sufficient to require appointment of counsel. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (noting that contended exceptional factors were "difficulties which any litigant would have in proceeding pro se").

ORDER - 2

Although the Court has identified certain deficiencies in Mr. Fulk's complaint, he has demonstrated an ability to communicate facts that he alleges are related to his claims. He states he suffers from a mental health illness, but Mr. Fulk did not provide any details about his illness or specific symptoms.

This case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The Court therefore DENIES Mr. Fulk's motion for appointment of counsel without prejudice. Mr. Fulk will be allowed to renew this motion if, at a later time in the proceedings, exceptional circumstances would require appointment of counsel.

In light of this order, the Court grants Mr. Fulk additional time to respond to the Court's order to show cause. Mr. Fulk's response to the Court's order to show cause (Dkt. 4) is due no later than **April 25, 2025**. The Court requests that the Clerk send Mr. Fulk a copy of this Order at Western State Hospital and re-note his IFP motion to April 25, 2025.

Dated this 8th day of April, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 3

ORDER - 4