1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

AARON JUSTIN FULK,

7
                            Plaintiff,

8          v.

9    LEAH MUCHANGI,

                            Defendant.

10

Case No. 2:24-cv-01964-TMC-TLF

REPORT AND
RECOMMENDATION

NOTED FOR 15TH DAY

11    Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil

12   rights action. Dkt. 13. On June 9, 2025, plaintiff filed a motion for default judgment citing

13   Federal Rule of Civil Procedure 55. Dkt. 18. As defendant is not in default, the Court

14   recommends plaintiff's motion (Dkt. 18) be DENIED.

15    "When a party against whom a judgment for affirmative relief is sought has failed

16   to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the

17   clerk must enter the party's default."  Fed. R. Civ. P. 55(a). Under Local Civil Rule 55(a),

18   upon motion by a party supported by an affidavit:

19        The clerk shall enter the default of any party against whom a judgment for
          affirmative relief is sought but who has failed to plead or otherwise defend.
20        The affidavit shall specifically show that the defaulting party was served in
          a manner authorized by Fed. R. Civ. P. 4. A motion for entry of default
21        need not be served on the defaulting party. However, in the case of a
          defaulting party who has entered an appearance, the moving party must
22        give the defaulting party written notice of the requesting party's intention to
          move for the entry of default at least fourteen days prior to filing its motion
23        and must provide evidence that such notice has been given in the motion
          for entry of default.

24

25

"After the clerk enters default, a party must seek entry of default judgment under Rule 55(b). Put another way, 'an entry of default is a prerequisite to a default judgment under Rule 55(b).'" *Hausken v. Lewis*, 2014 WL 2440360, *2 (W.D. Wash. May 30, 2014) (*quoting Lee v. Bhd. of Maint. of Way Employees*, 139 F.R.D. 376, 380 (D. Minn. 1991)).

On May 12, 2025, the Court ordered service of plaintiff's complaint, which names Leah Muchangi as a defendant. *See* Dkt. 15. The Court gave defendant 30 days to return the waiver of service; if defendant returned the waiver, she would have 60 days from the date the waiver was sent to file an answer, or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Dkt. 15.

Counsel for defendant filed a notice of appearance on June 5, 2025. Dkt. 17. Defendant timely filed her waiver of the service of summons on June 9, 2025. Dkt. 19. As defendant returned the waiver of service within 30 days, she still has 60 days from May 12, 2025 (the date the waivers were sent) to file an answer or motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Dkt. 15. Plaintiff's motion for default is premature.

Plaintiff also failed to comply with Local Civil Rule 55(a)'s requirement to provide defendant written notice of his intention to move for the entry of default at least fourteen days prior to filing his motion and provide evidence that such notice was given in the motion for entry of default. Plaintiff filed his motion for default on June 9, 2025, and did not provide evidence in his motion or declaration (Dkt. 21) that he provided defendant with notice of his intention to file the motion.

Plaintiff's motion for default should, therefore, be DENIED.

1

**CONCLUSION**

2      Because defendant has until July 11, 2025, to file an answer or motion permitted

3 under Rule 12 of the Federal Rules of Civil Procedure, the Court recommends that

4 plaintiff's motion to enter default judgment (Dkt. 18) be DENIED. A proposed order

5 accompanies this Report and Recommendation.

6      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

7 have fourteen (14) days from service of this report to file written objections. *See also*

8 Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

9 purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

10 result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

11 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

12 omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

13 directed to set the matter for consideration on July 11, 2025, as noted in the caption.

14

15      Dated this 26th day of June, 2025.

16

17

18      *Theresa L. Fricke*

19      Theresa L. Fricke
       United States Magistrate Judge

20

21

22

23

24

25