UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON JUSTIN FULK, <br><br> Plaintiff, <br> v. <br><br> LEAH MUCHANGI, <br><br> Defendant. | Case No. 2:24-cv-01964-TMC-TLF <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. 16) |

This matter comes before the Court on Plaintiff's second motion for appointment of counsel. Dkt. 16. For the reasons discussed below, Plaintiff's motion is GRANTED, but the Court cannot guarantee that the Court will be able to locate an attorney willing to represent Plaintiff pro bono in this matter.

**DISCUSSION**

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff "may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). At the same time, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding in forma pauperis. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009). When determining whether exceptional

circumstances exist, a district court must consider both the "likelihood of…success on the merits" and whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor is dispositive, both must be viewed together. *Id*.

In Plaintiff's complaint, he alleges he was assaulted by another patient at Western State Hospital on May 3, 2023. Dkt. 14 at 5. Plaintiff alleges he was struck in the face and kicked in the head multiple times by this patient. He states Defendant Leah Muchangi, the charge nurse, was deliberately indifferent to his safety and the injuries he sustained in violation of his Eighth Amendment rights.

On May 12, 2025, the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed service of his complaint on Defendant. Dkts. 13, 15. Defendant filed her answer to the complaint on July 11, 2025. Dkt. 25.

Before the Court is Plaintiff's second motion for appointment of counsel.

Plaintiff has filed hand-written pleadings and submissions to the Court, and the Court finds that this case would be appropriate for appointment of pro bono counsel, considering Plaintiff's allegations, and his statement and supporting documentation from Western State Hospital that he has a diagnosis of bipolar disorder, paranoid schizophrenia disorder, delusional disorder, generalized anxiety disorder, depression, and mental health disorder. Dkt. 16 at 2-4.

Plaintiff's motion for appointment of counsel, is GRANTED – the Court will take steps to identify a pro bono attorney who is available and willing to accept such an appointment. The Court cannot guarantee whether any such attorney will be located, so this Order does not necessarily mean an attorney will eventually be appointed.

The Clerk shall take steps to identify an attorney or law firm from the Court's Pro Bono Panel to represent Plaintiff Aaron Fulk. The scope of the engagement will ultimately be between the attorney and the client. Mr. Fulk is advised that the Court cannot force any attorney to take this case, and perhaps a pro bono attorney will not be found, and that Mr. Fulk will remain unrepresented. If the Court cannot locate an attorney who is willing to provide representation, the Court will notify the parties by a minute entry for the electronic docket, stating that the inquiry did not succeed.

Dated this 16th day of July, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge